# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **CHARLES J. POOLE,** | ) |
| Plaintiff, | ) Case No. 2:04CV00013 |
| v. | ) **OPINION** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,** | ) By: James P. Jones<br>) Chief United States District Judge |
| Defendant. | ) |

In this social security case, I affirm the final decision of the Commissioner.

## I. *Background.*

Charles J. Poole filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 and Supp. 2004) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner

must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

When conducting this review, I do not reweigh conflicting evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d at 1453, 1456 (4th Cir. 1990). It is the duty of the ALJ, not the courts, to make findings of fact and to resolve conflicts in the evidence. *See id.* Accordingly, "[t]he issue before [me], therefore, is not whether [Poole] is disabled, but whether the ALJ's finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

Poole applied for benefits on February 15, 2002, alleging disability since August 3, 2001, and received a hearing before an administrative law judge ("ALJ") on January 16, 2003. By decision dated February 4, 2003, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Poole was thirty-six years old at the time of the ALJ's decision. He completed the eighth grade, and last worked as a heat pump installer. Additional past work includes as a tree trimmer, and as a book labeler and stacker in a book bindery. Poole claims disability due to diabetes, cold-induced urticaria,[1] back and knee pain, and depression and anxiety. (R. at 17.)

In rendering his decision, the ALJ reviewed medical records relating to the plaintiff's treatment by W. Jan Kazmier, M.D.; Wesley V. Eastridge, M.D.; John L. Chapman, M.D.; Marek M. Pienkowski, M.D.; Fredrick R. Mishkin, M.D.; Friends In Need; First Step Rehab; Holston Valley Medical Center; and Scott County Mental Health.

Based upon the evidence, the ALJ determined that the plaintiff is unable to return to his past relevant work, but has the residual functional capacity ("RFC") to perform a significant range of light, unskilled work that does not involve working with the public and that does not expose him to cold temperatures. (R. at 23.) Based upon the testimony of a vocational expert ("VE"), the ALJ found that there existed a significant number of jobs in the national economy that the plaintiff could perform,

---

[1] Urticaria is a "[a] skin condition characterized by intensely itching welts and caused by an allergic reaction to internal or external agents." *Compact American Medical Dictionary* 477 (Joseph P. Pickett et al. ed., 1998).

-3-

which included work as a "hand packer, an off bearer, an office cleaner, a table cleaner, a dish washer, an assembler, and a machine tender/feeder." (*Id.*)

*III. Analysis.*

Poole asserts that the ALJ's opinion is not supported by substantial evidence. Specifically, he argues that the ALJ erred by failing to consider the opinion of his treating physicians, and failing to consider the combined effect of all his impairments. For the following reasons, I disagree.

*A.*

Poole first argues that the ALJ erred by failing to consider the opinion of his treating physicians. As for his mental impairments, major depression and obsessive compulsive disorder, he argues that the ALJ erred by not giving more weight to his treating psychiatrist, Dr. Sabri, who found that he had a Global Assessment of Functioning ("GAF")[2] of 50.

The ALJ must consider objective medical facts and the opinions and diagnoses of both treating and examining doctors, which constitute a major part of the proof in

---

[2] The GAF scale is a method of considering psychological, social and occupational function on a hypothetical continuum of mental health. The GAF scale ranges from 0 to 100, with serious impairment in functioning at a score below 50, moderate difficulty in functioning between 50 and 60, some difficulty in functioning between 60 and 70, and no more than slight impairment in functioning between 70 and 80. Superior functioning is represented by 100. *See* American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994).

- 4 -

disability cases. *See McLain v. Schweiker*, 715 F.2d 866, 869 (4th Cir. 1983). The ALJ must generally give more weight to the opinion of a treating physician because that physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2004). However, "circuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (quoting *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). Moreover, it is the duty of the ALJ to evaluate all medical evidence and to determine what weight to accord such evidence. *See* 20 C.F.R. §§ 404.1527, 416.927 (2004). A medical expert's opinion as to the ultimate conclusion of disability is not dispositive; opinions as to disability are reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1).

Dr. Sabri found that Poole had a GAF of 50, and Poole argues that the VE testified that a person with a GAF of 50 could not perform the jobs suggested. However, this issue is not dispositive because the VE further explained that a person with a GAF of 50 would be unable to perform the jobs only if the individual's condition resulted in a "moderately severe limitation in essential work functions such as: being able to pay attention to his duties, []communicate with supervisors and co-workers, . . . tolerate[] work stress, and demonstrate[] reliability on a job." (R. at 407.) Thus, the VE explained that other factors must be considered, implying that a

GAF score alone is not indicative of the severity of an impairment. Indeed, the ALJ evaluated the medical evidence as a whole in making his decision, not merely the GAF score. The ALJ specifically noted that he considered the findings of Dr. Sabri, and it is implicit that he was aware that the plaintiff was given a range of 50. However, the ALJ also considered that, after treatment, Dr. Sabri noted that Poole was more "upbeat than at his last session, and stated that he did not seem as depressed." (R. at 20.) He considered that Poole reported to Dr. Sabri that he was "getting out and going places more, and doing yard work." (*Id*.) In addition, Dr. Sabri recorded that, in examination, Poole maintained eye contact during the interview, his memory was intact, and judgment fair. (R. at 19.) Therefore, the ALJ appropriately viewed the record as a whole to determine the limitations resulting from Poole's mental impairment.

As for Dr. Eastridge, Poole's primary care physician, the ALJ primarily reviewed physical findings. Dr. Eastridge's records include treatment for uncomplicated Type II diabetes that remains well controlled. (R. at 18.) In addition, he evaluated Poole for knee and back pain; however, conflicting evidence is present pertaining to the severity of these ailments. For example, Poole claims his knee pain is of a debilitating severity, but the medical evidence reveals that, after treatment, Poole had full range of motion and no edema or swelling. (R. at 21.) Also, he admits

to taking no pain medications for knee or back problems, and in fact admits to roofing a house in May 2002. (*Id.*) Therefore, the ALJ appropriately considered the opinions of the treating physicians in determining the limitations resulting from Poole's physical impairments.

*B.*

Next, Poole argues that the ALJ erred by not considering the combined effect of his impairments.

According to the regulations, an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a) (2004). The regulations define "basic work activities" as the abilities and aptitudes necessary to do most jobs including physical functions such as walking, standing, sitting, and lifting; and mental functions including understanding instructions, using judgment, responding appropriately to work situations, and dealing with changes in a work setting. *See* 20 C.F.R. § 404.1521(b) (2004).

The ALJ specifically evaluated the plaintiff's combination of physical and mental limitations in questioning the VE. The hypothetical posed to the VE included physical limitations to light work activity, and no exposure to excessive cold

temperatures. (R. at 406.)³ The hypothetical also included mental limitations such as unskilled work that is not with the public. (*Id*.) In addition to the medical records, the ALJ also considered Poole's daily activities regarding both physical and mental abilities. As for physical ability, the ALJ noted that Poole admitted to roofing a house. (R. at 21.) As for mental ability, the ALJ pointed out that Poole's daily activities included the following: visiting family members, listening to music, watching television, cleaning the house, and performing yard work. (*Id*.) Therefore, the ALJ thoroughly reviewed all the records presented, and his decision is supported by substantial evidence.

## IV. Conclusion.

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

---

³ This testimony is from the hearing held on January 16, 2003. The plaintiff argues that a hearing transcript from April 27, 2004 should not be included in the record because it is part of a second filing. However, the inclusion of this transcript is immaterial because the ALJ did not consider it in his determination.

DATED: June 22, 2005

/s/ JAMES P. JONES
Chief United States District Judge